UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM JOHNSON,<br><br>        Petitioner,<br><br>   v.<br><br>RAYTHEL FISHER, Warden at Valley State Prison,<br><br>        Respondent. | No. 1:17-cv-00602-SKO HC<br><br>**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**(Doc. 1)** |

### Screening Memorandum

Petitioner William Johnson is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] He alleges that a prison disciplinary hearing violated his due process and equal protection rights, and seeks reversal of the disciplinary findings and return to full program status. The Court has reviewed the petition (Doc. 1) and determined that the petition does not state a cognizable claim for habeas corpus relief. Accordingly, the Court will dismiss the petition without prejudice to Petitioner's alleging his claims in an action pursuant to 42 U.S.C. § 1983.

///

---

[1] Pursuant to 28 U.S.C. § 636(c)(1), Petitioner consented, in writing, to the jurisdiction of a United States Magistrate Judge to conduct all further proceedings in this case, including the entry of final judgment. Doc. 4.

1

## I. Preliminary Screening

Rule 4 of the Rules Governing § 2254 Cases requires the Court to conduct a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing 2254 Cases; *see also Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990). A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave to be granted. *Jarvis v. Nelson*, 440 F.2d 13, 14 (9th Cir. 1971).

## II. The Petition Fails to State a Habeas Claim

A federal petition for writ of habeas corpus concerns whether a petitioner is in custody in violation of the Constitution. 28 U.S.C. § 2254(a). "Habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." *Preiser v. Rodriguez*, 411 U.S. 475, 488-89 (1973). Challenges to the conditions of prison life are properly brought under 42 U.S.C. § 1983. *McCarthy v. Bronson*, 500 U.S. 136, 142 (1991).

Petitioner seeks redress for violations of his Due Process and Equal Protection rights in the course of disciplinary proceedings that resulted in Petitioner's losing certain programming privileges. Because Petitioner is serving a sentence of life without parole, the disciplinary sanctions do not concern the fact or duration of petitioner's confinement nor seek immediate or speedier release. Accordingly, Petitioner's claims are appropriately pursued in a civil rights claim pursuant to 42 U.S.C. § 1983.

Because Petitioner is not entitled to habeas corpus relief, the Court must dismiss his habeas corpus petition. Petitioner may pursue his claims by filing a civil rights complaint pursuant to 42 U.S.C. § 1983.

## III. Certificate of Appealability

A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, but may only appeal in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c) (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
>     (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
>     (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issues or issues satisfy the showing required by paragraph (2).

If a court denies a habeas petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Although the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." *Miller-El*, 537 U.S. at 338.

Reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief to be debatable or wrong. Accordingly, the Court declines to issue a certificate of appealability.

**IV.    Conclusion and Order**

It is hereby ordered:

1. The petition for writ of habeas corpus is hereby dismissed without prejudice to Petitioner's alleging his claims in a civil rights action pursuant to 42 U.S.C. § 1983;

2. The Clerk of Court is directed to forward to Petitioner a copy of this order and a form for a complaint pursuant to § 1983; and

3. The Clerk of Court is directed to close the above-captioned case.

IT IS SO ORDERED.

Dated:    **June 12, 2017**                    /s/ *Sheila K. Oberto*
                                                UNITED STATES MAGISTRATE JUDGE